GENERAL COURT, OCTOBER TERM, 1802.

Webb's Lessee *vs.* Beard.

Ejectment for a tract of land called *Hawn's Venture,* lying in Washington county.

1. The defendant took defence for the tract called *Gleanings,* as he had located it on the plots, which included the whole of the tract of land called *Hawn's Venture.* The tract called *Gleanings* was surveyed for *Samuel Chase* and *Thomas Johnson,* Esquires, on the 7th of February 1764, "beginning at a bounded white oak standing at or near the end of 56 perches on the 48th line of *The Resurvey on Lime Stone Land.* also near the end of 13 perches on the 25th line of *The Resurvey on Scar'd from Home,* and running thence N. 76, E. 162 perches" &c. The tracts called *The Resurvey on Lime Stone Land,* and *The Resurvey on Scar'd from Home,* contained a number of calls in the certificates, and if they were now located calling for the boundaries, and where there were no calls, with an allowance of one degree for every twenty years, since the dates of the certificates, for variation, then *Hawn's Venture* would not interfere with, but lay clear of *Gleanings;* but if the calls were rejected, and no allowance made for variation, then *Hawn's Venture,* being a junior tract, would lay within and be covered by *Gleanings.*

The Court [*Chase,* Ch. J. and *Duvall,* J.] determined, that if the surveyor at the time of surveying the tract of land called *Gleanings* run the tracts of land called *The Resurvey on Lime Stone Land,* and *The Resurvey on Scar'd from Home,* without regard to the calls or correcting the variation, then to ascertain the beginning of the tract of land called *Gleanings,* the above mentioned tracts must be run without regard to the calls in the certificates or any allowance for variation.

2. The plaintiff then offered *parol evidence* to prove that the surveyor of the county, to whom the warrant was directed for taking up and surveying the tract called *Gleanings,* never did actually run out or sur-

If the surveyor at the time of surveying a junior tract of land, run the elder adjoining tracts without regard to the calls therein, or correcting the variation, then to ascertain the beginning of the junior tract at any future period, the elder tracts must be run without regard to the calls therein or any allowance for variation. Parol evidence is not admissible to prove that the surveyor never did actually run out or survey the land included in a certificate of survey returned by him, until after a grant had issued thereon.

vey it until about two years after the certificate and plot for the same were made out by him and returned to the land office, and after the grant had issued thereon

THE COURT refused to permit such evidence to go to the jury. The plaintiff suffered a nonsuit.

*Key* and *Shaaff*, for the Plaintiff.

*Martin*, (Attorney General,) *Mason* and *Johnson* for the Defendant.